Jonathan Koles
Koles, Burke & Bustillo, LLP.
2600 Kennedy Blvd.
Jersey City, NJ 07306
Email: JKoles@KBBLegal.com
Attorneys for Plaintiff

| | |
|---|---|
| Zachary Resnicoff,<br>　　　　Plaintiff,<br><br>　　v.<br><br>Conway K. Donaldson, Harry Joseph McCollough, John Doe and XYZ Corp.,<br><br>　　　　Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>COMPLAINT |

Plaintiff Zachary Resnicoff states the following by way of complaint against the Defendants:

**THE PARTIES**

1. At all times relevant hereto, Plaintiff Zachary Resnicoff resided, and still resides, at 230 East 14th Street, Apt. 4R, in New York City in the County and State of New York.

2. At all times relevant hereto, Defendant Conway Kirk Donaldson resided at 10 Briarwood Road, in the Township of Fair Haven, County of Monmouth, State of New Jersey.

3. At all times relevant hereto, defendant Harry Joseph McCullough, resided at 1391 Pennsylvania Avenue S.E., Washington, D.C.

4. John Doe and XYZ Corp. are fictitious names for potential parties whose true identities and roles in the subject matter are unknown to Plaintiff to date.

**JURISDICTION & VENUE**

1. Jurisdiction is proper by way of diversity. Plaintiff is citizen of the State of New York and the Defendants are citizens of the States of New Jersey and the District of Columbia.

2. In addition, the amount in controversy for Plaintiff exceeds $75,000.00 exclusive of interest or costs and therefore jurisdiction is

further proper pursuant to 28 U.S.C. 1332(b).

3. Venue is laid in this judicial district pursuant to 28 USC §1391(a).

**FIRST COUNT**

1. On November 28, 2010, the plaintiff, Zachary Resnicoff, was attending the Haddonfield High School 20 year reunion held at Treno's Restaurant located at 233 Haddon Avenue in the Town of Collingswood, County of Camden, State of New Jersey.

2. On November 28, 2010, as the reunion party was ending, the plaintiff was lawfully entering the parking lot of Treno's Restaurant in the company of his friend Michael S. Nicholson.

3. Earlier during the reunion party, Michael S. Nicholson had a disagreement with Defendant Harry Joseph McCullough.

4. Unbeknownst to Plaintiff, Defendant Harry Joseph McCullough and Defendant Conway Kirk Donaldson had entered into a conspiracy to assault and batter Michael S. Nicholson and Plaintiff as they left the restaurant and entered into its parking lot.

5. In furtherance of that conspiracy, Defendant Conway Kirk Donaldson had taken a glass from Treno's Restaurant and carried it into the parking lot with him to use in furtherance of his conspiracy with Harry Joseph McCullough against Michael S. Nicholson and Plaintiff.

6. As Plaintiff lawfully walked into in the Treno Restaurant parking lot, Plaintiff was viciously attacked and assaulted by a waiting Defendant Conway Kirk Donaldson, who struck Plaintiff with the glass that he had taken from Treno's Restaurant, without provocation, cause, or justification, and not as a matter of self-defense.

7. The defendant Conway Kirk Donaldson did violently commit an assault and battery upon the person of the plaintiff, in particular striking him with the glass on the left side of Plaintiff's face, caused him great fear and apprehension, as well as bodily injuries.

8. As a direct and proximate result of the unlawful acts of the Defendants Harry Joseph McCullough and Conway Kirk Donaldson, acting as co-conspirators, the plaintiff Zachary Resnicoff was painfully and permanently injured, incurred, and in the future will incur, medical expenses in an effort to cure himself, and was otherwise prevented from attending to his regular pursuits and duties.

WHEREFORE, Zachary Resnicoff demands judgment on the First Count against the defendants Harry Joseph McCullough and Conway Kirk Donaldson, jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

## SECOND COUNT

1. Plaintiff, Zachary Resnicoff, repeats and realleges each and every allegation of the First Count as if fully set forth herein at length.

2. At all times herein mentioned, and on information and belief, the assault on the plaintiff resulted from negligence by virtue of the fact that the defendants Harry Joseph McCullough and Conway Kirk Donaldson caused injuries which were the unintended consequences of the intentional assault and battery on the plaintiff.

3. As a direct and proximate result of the negligence of the defendants Harry Joseph McCullough and Conway Kirk Donaldson as co-conspirators, the plaintiff, Zachary Resnicoff, was damaged as previously set forth herein at length.

WHEREFORE, Zachary Resnicoff, demands judgment on this Count against the defendants, Harry Joseph McCullough and Conway Kirk Donaldson, jointly, severally, and alternatively, for compensatory damages, interest and costs of suit.

## THIRD COUNT

1. The plaintiff, Zachary Resnicoff, repeats and realleges each and every allegation of the First and Second Counts as if fully set forth herein at length.

2. At all times herein mentioned, defendants John Doe and XYZ Corp. (fictitious names) were co-conspirators with or agents of Harry Joseph McCullough and/or Conway Kirk Donaldson, responsible for the assault on the plaintiff, Zachary Resnicoff, and other the acts of negligence, and whose actions were identical to those asserted against the properly named defendants in the prior counts of this complaint.

3. As a direct and proximate result of the intentional and/or negligent acts of the defendants, John Doe and XYZ Corp., while acting on behalf, and in furtherance of, their conspiracy and/or relationship with the defendants Harry Joseph McCullough and/or Conway Kirk Donaldson, the plaintiff, Zachary Resnicoff, was damaged as previously set forth herein at length.

WHEREFORE, Zachary Resnicoff, demands judgment on this Count against the defendants, John Doe and XYZ Corp., jointly, severally, and alternatively, for compensatory and punitive damages, attorneys fees, interest and costs of suit.

### FOURTH COUNT

1. Plaintiff Zachary Resnicoff repeats and realleges each of the allegations contained in the First, Second and Third Counts as if the same were set forth at length herein.

2. On said date, defendant Conway Kirk Donaldson negligently struck plaintiff with a glass.

3. As a result of said negligent striking, plaintiff was seriously injured and affairs and was, and will be caused to expend great sums of money to cure and treat his injuries and has lost and will continue to lose prospectively business income and earnings.

WHEREFORE, Zachary Resnicoff, demands judgment on this Count against the defendant Conway Kirk Donaldson, jointly, severally, and alternatively, for compensatory damages, interest and costs of suit.

4

## JURY DEMAND

Plaintiff demands a trial by jury of the within issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Jonathan Koles, Esq. as Trial Counsel.

```
_____
JONATHAN KOLES
KOLES, BURKE & BUSTILLO, LLP
2600 KENNEDY BLVD.
JERSEY CITY, NJ 07306
Attorneys for Plaintiff
```

DATE:   October 28, 2011