# UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

ZACHARY RESNICOFF,

    Plaintiff(s)

v.

CONWAY K. DONALDSON, et al.,

    Defendant/Third Party Plaintiff

v.

P.J.W. RESTAURANT GROUP, t/a TRENO, HADDON ENTERPRISES, INC. BRIAN HART, JAMES FRIS, ROBERT PLATZER, MICHAEL S. NICHOLSON, JOHN/JANE DOE 1-20, a name being fictitious (representing one or more fictitious defendants), ABC CORPORATION 1-20, a corporation being fictitious (representing one or more fictitious corporations), DEF LLC 1-20, a corporation being fictitious (representing one or more fictitious limited liability corporations) and XYZ PARTNERSHIP 1-20, a partnership being fictitious (representing one or more fictitious partnerships),

    Defendant(s)

Civil Action No. 11-6473 (AET)
ARB: Yes___ No _X_

COUNTERCLAIM AND THIRD-PARTY COMPLAINT

    Defendant/Third-Party Plaintiff Conway K. Donaldson, residing at 10 Briarwood Road, Fair Haven, New Jersey, by way of Counterclaim and Third-Party Complaint says:

## COUNTERCLAIM

## FIRST COUNT - BATTERY

Defendant/Counterclaimant Conway K. Donaldson, by way of Counterclaim against plaintiff Zachary Resnicoff says:

1. On November 27, 2010, Defendant/Third-Party Plaintiff, Conway K. Donaldson, Plaintiff Zachary Resnicoff and Defendant Michael S. Nicholson were attending a high school reunion as invitees at Treno, a restaurant and bar located at 233 Haddon Avenue, Westmont, New Jersey.

2. Defendant/Third-Party Plaintiff, Conway K. Donaldson, had stepped outside the Treno's restaurant with a glass in his hand for a cigarette with another classmate, Harry McCullough, attending the reunion.

3. At that same time, Plaintiff Zachary Resnicoff and Defendant Michael S. Nicholson followed Defendant/Third-Party Plaintiff Conway K. Donaldson outside and proceeded to get into a verbal argument with Harry McCullough.

4. Defendant/Third-Party Plaintiff Conway K. Donaldson attempted to break up the altercation between Plaintiff Zachary Resnicoff and Harry McCullough.

5. Plaintiff Zachary Resnicoff was visibly intoxicated and began pushing Defendant/Third-Party Plaintiff Conway K. Donaldson out of the way.

6. Defendant/Third-Party Plaintiff Conway K. Donaldson, while holding the glass in his hand, defended himself by holding up his hands.

7. At this time, without permission or license to do so, Plaintiff Zachary Resnicoff struck Defendant/Third-Party Plaintiff Conway K. Donaldson causing Conway K. Donaldson serious injuries.

**WHEREFORE**, Defendant/Third-Party Plaintiff Conway K. Donaldson demands judgment against Plaintiff Zachary Resnicoff for compensatory damages, punitive damages, attorneys fees and costs of litigation and such other and further relief as the Court deems equitable and just.

## SECOND COUNT – CONSPIRACY

8. Defendant/Third-Party Plaintiff, Conway K. Donaldson repeats and incorporates his prior counts of this complaint as if set forth fully at length herein.

9. Earlier during the reunion party at Treno, Michael S. Nicholson had a disagreement with classmate Harry McCullough.

10. Unbeknownst to Defendant/Third-Party Plaintiff Conway K. Donaldson, Defendant Michael S. Nicholson and Plaintiff/Third-Party Defendant Zachary Resnicoff had entered into a conspiracy to assault and batter Conway K. Donaldson and his classmate Harry McCullough as they left the restaurant.

11. In furtherance of that conspiracy, Defendant Michael S. Nicholson and Plaintiff/Third-Party Defendant Zachary Resnicoff followed Defendant/Third-Party Plaintiff Conway K. Donaldson out of Treno and into the parking lot and began an altercation.

12. The Plaintiff/Third-Party Defendant Zachary Resnicoff did violently commit an assault and battery upon the Defendant/Third-Party Plaintiff Conway K. Donaldson which caused him great fear and apprehension, as well as bodily injuries.

13. As a direct and proximate result of the unlawful acts of the Defendant Michael S. Nicholson and Plaintiff/Third-Party Defendant Zachary Resnicoff, acting as co-conspirators, the Defendant/Third-Party Plaintiff Conway K. Donaldson was painfully and permanently injured,

has suffered and continues to suffer severe emotional distress, humiliation, pain, suffering and loss of enjoyment of life.

14. Plaintiff's injuries and damages are permanent.

**WHEREFORE**, the Defendant/Third-Party Plaintiff Conway K. Donaldson demands judgment against Defendant Michael S. Nicholson and Plaintiff/Third-Party Defendant Zachary Resnicoff, jointly, severally and alternatively for compensatory and punitive damages, counsel fees, interest, costs of suit along with any other relief which the Court deems just and equitable.

### THIRD COUNT

15. Defendant/Third-Party Plaintiff, Conway K. Donaldson repeats and incorporates his prior counts of this complaint as if set forth fully at length herein.

16. At all times herein mentioned, and on information and belief, the assault on Defendant/Third-Party Plaintiff Conway K. Donaldson resulted from negligence by virtue of the fact that the Defendant Michael S. Nicholson and Plaintiff/Third-Party Defendant Zachary Resnicoff caused injuries which were the unintended consequences of the intentional assault and battery on the Defendant/Third-Party Plaintiff Conway K. Donaldson.

17. As a direct and proximate result of the negligence of the Defendant Michael S. Nicholson and Plaintiff/Third-Party Defendant Zachary Resnicoff, acting as co-conspirators, the Defendant/Third-Party Plaintiff Conway K. Donaldson was painfully and permanently injured, has suffered and continues to suffer severe emotional distress, humiliation, pain, suffering and loss of enjoyment of life.

18. Plaintiff's injuries and damages are permanent.

**WHEREFORE**, the Defendant/Third-Party Plaintiff Conway K. Donaldson demands judgment against Defendant Michael S. Nicholson and Plaintiff/Third-Party Defendant Zachary

Resnicoff, jointly, severally and alternatively for compensatory and punitive damages, counsel fees, interest, costs of suit along with any other relief which the Court deems just and equitable.

## FOURTH COUNT – NEGLIGENCE

19. Defendant/Third-Party Plaintiff, Conway K. Donaldson repeats and incorporates his prior counts of this complaint as if set forth fully at length herein.

20. Plaintiff/Third-Party Defendant Zachary Resnicoff was so intoxicated as to be unable to form the intent to commit battery upon Defendant/Third-Party Plaintiff Conway K. Donaldson.

21. While Plaintiff/Third-Party Defendant Zachary Resnicoff was attempting to engage in an altercation with another classmate, he negligently caused permanent injury to Defendant/Third-Party Plaintiff Conway K. Donaldson while Defendant/Third-Party Plaintiff Conway K. Donaldson was attempting to stop the altercation.

**WHEREFORE**, Defendant/Third-Party Plaintiff Conway K. Donaldson demands judgment against Plaintiff/Third-Party Defendant Zachary Resnicoff for compensatory damages, punitive damages, attorneys fees, interest and costs of litigation and such other and further relief as the Court deems equitable and just.

## THIRD PARTY COMPLAINT

### FIRST COUNT

1. Defendant/Third-Party Plaintiff, Conway K. Donaldson by way of Third Party Complaint against Third Party Defendants P.J.W. Restaurant Group, T/A Treno, Haddon Enterprises, Inc. Brian Hart, James Fris, Robert Platzer, says:

2. Third-Party Defendant, P.J.W. Restaurant Group t/a Treno is a business, organized under the laws of New Jersey, with an office at 233 Haddon Avenue, Westmont New Jersey, 08505 (the "Premises.")

3. Third-Party Defendant, Haddon Enterprises, Inc. is a corporation, organized under the laws of New Jersey, with an office at 520 Haddon Avenue, Haddonfield New Jersey.

4. Third-Party Defendant Brian Hart (hereinafter "Hart") was designated as the Manager of Treno. In addition, upon information and belief, Hart is and has been at all times material hereto, an active participant in the daily operation and control, including but not limited to, the hiring, retention and training of staff, maintenance of security, and implementation of security-related practices and procedures at Treno.

5. Third-Party Defendant James Fris (hereinafter "Fris") was designated as Chief Operating Officer of P.J.W. Restaurant Group t/a Treno. In addition, upon information and belief, Fris is and has been at all times material hereto, an active participant in the daily operation and control, including but not limited to, the hiring, retention and training of staff, maintenance of security, and implementation of security-related practices and procedures at Treno.

6. Third-Party Defendant Robert Platzer (hereinafter "Platzer") was designated as President of P.J.W. Restaurant Group t/a Treno. In addition, upon information and belief, Platzer is and has been at all times material hereto, an active participant in the daily operation and control, including but not limited to, the hiring, retention and training of staff, maintenance of security, and implementation of security-related practices and procedures at Treno. Hereinafter, unless designated otherwise, Third-Party Defendants P.J.W. Restaurant Group t/a Treno, Haddon Enterprises, Inc., Brian Hart, James Fris and Robert Platzer are collectively referred to as the "Treno Defendants".

7. Beginning sometime around 7:00 p.m. on the evening of November 27, 2010, until approximately midnight, Defendant/Third-Party Plaintiff was the Treno Defendants' business invitee at Treno in Westmont, New Jersey.

8. At no time did Defendant/Third-Party Plaintiff, Conway K. Donaldson engage in any disruptive behavior or provoke any altercation or cause any disturbance at the Premises.

9. The Defendant/Third-Party Plaintiff, Conway K. Donaldson was attacked by an intoxicated male patron, Plaintiff, Zachary Resnicoff, while on the Premises causing severe permanent injury.

10. As a result of the conduct of the Treno Defendants, (which holds itself out as a place where families are welcome) including but not limited to the failure to provide adequate security and a safe environment, plaintiff sustained multiple and serious permanent injuries.

11. Defendant/Third-Party Plaintiff, Conway K. Donaldson's injuries have required, and will continue to require, him to undergo medical treatment.

12. Defendant/Third-Party Plaintiff, Conway K. Donaldson's injuries have resulted and will continue to result in permanent and/or residual injuries.

13. As a further result of the Treno Defendants' culpable conduct, Defendant/Third-Party Plaintiff, Conway K. Donaldson has suffered and continues to suffer severe emotional distress, humiliation, pain, suffering and loss of enjoyment of life.

14. Plaintiff's injuries and damages are permanent.

**WHEREFORE,** the Defendant/Third-Party Plaintiff Conway K. Donaldson demands judgment against P.J.W. Restaurant Group, T/A Treno, Haddon Enterprises, Inc. Brian Hart, James Fris, Robert Platzer, for compensatory and punitive damages, counsel fees, interest, costs of suit, along with any other relief which the Court deems just and equitable.

## SECOND COUNT

15. Defendant/Third-Party Plaintiff, Conway K. Donaldson repeats and incorporates his prior counts of this complaint as if set forth fully at length herein.

16. Defendant/Third-Party Plaintiff, Conway K. Donaldson's above-averred injuries and damages were caused by the direct negligence of the Treno Defendants, their agents, servants and/or employees acting in the course and scope of their employment, and in no manner whatsoever resulted from any act or failure to act on the part of the Defendant/Third-Party Plaintiff, Conway K. Donaldson.

17. The Treno Defendants' negligence includes, but is not limited to:

a) Negligent failure to supervise or provide an adequate amount of security personnel;

b) Negligent failure to adequately train personnel, including but not limited to a failure to train employees on the protection of invitees and plaintiff in particular;

c) Negligent failure to provide a safe environment for business invitees;

d) Negligent failure to protect Treno's invitees such as the plaintiff;

e) Negligent failure to recognize that Plaintiff/Third-Party Defendant Zachary Resnicoff was visibly intoxicated;

f) Served Plaintiff Zachary Resnicoff when he was visibly intoxicated;

g) Negligent failure to promulgate or implement appropriate security measures at Treno;

h) Negligent hiring and/or retention of security personnel;

i) Failure to warn invitees such as plaintiff of the hazards and dangers caused by the Treno Defendants' failure to train and supervise security personnel and restaurant staff properly;

j) Creating a hazardous and dangerous condition inside the Premises;

k) Negligent failure to provide prompt medical assistance to patrons and invitees such as plaintiff whose injuries were caused by the Treno Defendants' failure to provide adequate security staff, and/or negligent failure to train and/or hire qualified security personnel;

l) Failure to respond in a timely and appropriate manner to a dangerous condition of the premises of Treno;

m) Negligent maintenance of practices and polices encouraging and establishing a safe environment for patrons in a bar atmosphere;

n) Negligent failure to implement practices and policies sufficient for the protection of invitees in general and plaintiff in particular;

o) Breaching the duty of care owed to Treno invitees such as Defendant/Third Party Plaintiff;

p) Failure to staff Treno adequately;

q) Violation of the duties imposed under New Jersey law including but not limited to the Dram Shop Act;

r) Such other negligence as may be ascertained in the course of discovery.

**WHEREFORE,** the Defendant/Third-Party Plaintiff demands a judgment against P.J.W. Restaurant Group, T/A Treno, Haddon Enterprises, Inc. Brian Hart, James Fris and Robert Platzer, for compensatory and punitive damages, counsel fees, interest, costs of suit, along with any other relief which the Court deems just and equitable.

## THIRD COUNT

18. Defendant/Third-Party Plaintiff, Conway K. Donaldson repeats and incorporates his prior counts of this complaint as if set forth fully at length herein.

19. At all times relevant hereto, the Third-Party Defendants P.J.W. Restaurant Group t/a Treno, Haddon Enterprises, Inc., Brian Hart, James Fris, Robert Platzer and John/Jane Doe 1-20 (hereinafter Treno defendants) are the owners, operators, shareholders and/or licensee of an establishment known as Treno which is licensed to serve alcoholic beverages in the State of New Jersey and located at 233 Haddon Avenue, Westmont, New Jersey.

20. At all times relevant hereto, the Treno defendants negligently and carelessly, and in violation of law, served alcoholic beverages to Plaintiff/Counterclaim Defendant, Zachary Resnicoff, who it knew, or should have known, was visibly intoxicated, and/or would be rendered intoxicated by the service of such beverages.

21. As a result of the negligence and carelessness of the Treno defendants, Zachary Resnicoff, became intoxicated while at Treno.

22. Thereafter, the Plaintiff/Third-Party Defendant Zachary Resnicoff, negligently and carelessly started a physical altercation at Treno.

23. As a result of the negligence and carelessness of the defendants P.J.W. Restaurant Group t/a Treno, Haddon Enterprises, Inc., Brian Hart, James Fris, Robert Platzer, and John/Jane Doe 1-20, the Defendant/Third Party Plaintiff, Conway K. Donaldson, was injured.

24. As a result of the joint and/or combined negligence, carelessness, and/or recklessness of the Treno Defendants, Defendant/Third-Party Plaintiff Conway K. Donaldson was caused to suffer and sustain severe, disabling and permanent injuries, and has and will in the future be caused to obtain medical treatment and will be caused to refrain from her normal daily pursuits and activities.

25. As a result of those injuries, Defendant/Third-Party Plaintiff Conway K. Donaldson sustained great pain and suffering, permanent injury and impairment, was prevented from

conducting his lawful affairs and occupations, and forced to incur divers sums for medical expenses to affect cure for his injuries.

**WHEREFORE**, Defendant/Third-Party Plaintiff Conway K. Donaldson demands judgment against the Third-Party Defendants P.J.W. Restaurant Group t/a Treno, Haddon Enterprises, Inc., Brian Hart, James Fris, Robert Platzer and John/Jane Doe 1-20 individually and trading as Treno, jointly, separately or in the alternative for compensatory and punitive damages, counsel fees, interest, costs of suit along with any other relief which the Court deems just and equitable.

## FOURTH COUNT

## DANGEROUS CONDITION OF PROPERTY

26. Defendant/Third-Party Plaintiff, Conway K. Donaldson repeats and incorporates his prior counts of this complaint as if set forth fully at length herein.

27. On or about November 27, 2010, Defendant/Third-Party Plaintiff Conway K. Donaldson was a business invitee and/or licensee at the premises and property owned by Third Party Defendants P.J.W. Restaurant Group t/a Treno, Haddon Enterprises, Inc., Brian Hart, James Fris, and Robert Platzer, individually and trading as Treno at 233 Haddon Avenue, Westmont, New Jersey.

28. At the aforesaid time and place, the Third-Party Defendants P.J.W. Restaurant Group t/a Treno, Haddon Enterprises, Inc., Brian Hart, James Fris and Robert Platzer did so carelessly and negligently own, operate and maintain the premises so as to allow same to become and/or remain in an unsafe and/or dangerous condition(s), and were otherwise negligent and/or careless.

29. As a result of the joint and/or combined negligence, carelessness, and/or recklessness

of Third-Party Defendants P.J.W. Restaurant Group t/a Treno, Haddon Enterprises, Inc., Brian Hart, James Fris, and Robert Platzer, Defendant/Third-Party Plaintiff Conway K. Donaldson was caused to suffer and sustain severe, disabling and permanent injuries, and has and will in the future be caused to obtain medical treatment and will be caused to refrain from his normal daily pursuits and activities.

**WHEREFORE**, the Defendant/Third-Party Plaintiff demands judgment against Third Party Defendants P.J.W. Restaurant Group t/a Treno, Haddon Enterprises, Inc., Brian Hart, James Fris, and Robert Platzer, jointly, separately or in the alternative for compensatory and punitive damages, along with any other relief which the Court deems just and equitable.

## FIFTH COUNT

(As to Defendant ABC CORPORATIONS (1-20, DEF LLCs 1-20 and XYZ PARTNERSHIPS 1-20))

30. Defendant/Third-Party Plaintiff, Conway K. Donaldson repeats and incorporates his prior counts of this complaint as if set forth fully at length herein.

31. Defendant ABC CORPORATIONS (1-20), DEF LLCs 1-20, and XYZ PARTNERSHIPs 1-20, said names being fictitious pending the discovery of the identity of the actual entity, is a corporation or business organization doing business in the State of New Jersey that owns and/or operates a business located at the Premises.

32. On or about November 27, 2010, Defendant/Third-Party Plaintiff Conway K. Donaldson was a business invitee and/or licensee of Defendant ABC CORPORATIONS (1-20), DEF LLCs 1-20, and XYZ PARTNERSHIPs 1-20 at the Premises known at Treno.

33. At the aforesaid time and place, Defendant ABC CORPORATIONS (1-20), DEF LLCs 1-20, and XYZ PARTNERSHIPs 1-20 did so carelessly and negligently own, operate and

maintain the Premises, so as to allow same to become and/or remain in an unsafe and/or dangerous condition(s), and was otherwise negligent and/or careless.

34. The Defendant ABC CORPORATIONS (1-20), DEF LLCs 1-20, and XYZ PARTNERSHIPs 1-20 negligence includes, but is not limited to:

a) Negligent failure to supervise or provide an adequate amount of security personnel;

b) Negligent failure to adequately train personnel, including but not limited to a failure to train employees on the protection of invitees and plaintiff in particular;

c) Negligent failure to provide a safe environment for business invitees;

d) Negligent failure to protect Treno's invitees such as the plaintiff;

e) Negligent failure to recognize that Plaintiff/Third-Party Defendant Zachary Resnicoff was visibly intoxicated;

f) Served Plaintiff Zachary Resnicoff when he was visibly intoxicated;

g) Negligent failure to promulgate or implement appropriate security measures at Treno;

h) Negligent hiring and/or retention of security personnel;

i) Failure to warn invitees such as plaintiff of the hazards and dangers caused by the Treno Defendants' failure to train and supervise security personnel and restaurant staff properly;

j) Creating a hazardous and dangerous condition inside the Premises;

k) Negligent failure to provide prompt medical assistance to patrons and invitees such as plaintiff whose injuries were caused by the Treno Defendants' failure to provide adequate security staff, and/or negligent failure to train and/or hire qualified security personnel;

l) Failure to respond in a timely and appropriate manner to a dangerous condition of the premises of Treno;

m) Negligent maintenance of practices and polices encouraging and establishing a safe environment for patrons in a bar atmosphere;

n) Negligent failure to implement practices and policies sufficient for the protection of invitees in general and plaintiff in particular;

o) Breaching the duty of care owed to Treno invitees such as Defendant/Third-Party Plaintiff;

p) Failure to staff Treno adequately;

q) Violation of the duties imposed under New Jersey law including but not limited to the Dram Shop Act;

r) Such other negligence as may be ascertained in the course of discovery.

35. As a direct and/or proximate result of the negligence of Defendant ABC CORPORATIONS (1-20), DEF LLCs 1-20, and XYZ PARTNERSHIPs 1-20, Defendant/Third-Party Plaintiff Conway K. Donaldson was caused to suffer and sustain severe, disabling and permanent injuries, and has and will in the future be caused to obtain medical treatment and will be caused to refrain from her normal daily pursuits and activities.

**WHEREFORE,** the Defendant/Third Party Plaintiff Conway K. Donaldson demands judgment against the Treno Defendants and Defendant ABC CORPORATIONS (1-20), DEF LLCs 1-20, and XYZ PARTNERSHIPs 1-20, for compensatory and punitive damages, along with any other relief which the Court deems just and equitable.

## SIXTH COUNT

36. Defendant/Third-Party Plaintiff, Conway K. Donaldson repeats and incorporates his prior counts of this complaint as if set forth fully at length herein.

37. The individual Plaintiff/Third-Party Defendants, Zachary Resnicoff and John/Jane Does (1-20), acting individually and together with the other Defendants, intentionally touched Defendant/Third-Party Plaintiff, Conway K. Donaldson without his consent.

38. Said touching caused Defendant/Third-Party Plaintiff, Conway K. Donaldson permanent injury.

39. Plaintiff/Third-Party Defendants, Zachary Resnicoff's conduct was done with malice, with a wanton disregard of Defendant/Third-Party Plaintiff, Conway K. Donaldson's personal rights and sensitivities.

**WHEREFORE**, Defendant/Third-Party Plaintiff, Conway K. Donaldson demands judgment against Plaintiff/Third-Party Defendants, Zachary Resnicoff and John/Jane Does (1-20) for compensatory damages, punitive damages, reasonable attorney fees and costs, pre- and post-judgment interest; and such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that, pursuant to the provisions of R. 4:25-4, the Court be advised that Brian J. Duff, Esq. is designated as trial counsel for the Defendants.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned attorney certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

## JURY DEMAND

PLEASE TAKE NOTICE that the plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted this __2nd__ day of _____April_____, 2012.

Destribats Campbell, LLC

Brian J. Duff
Destribats Campbell, LLC
247 White Horse Ave.
Hamilton, NJ 08610
bduff@destribatslaw.com
(609) 585-2443