NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Zachary RESNICOFF,

        Plaintiff,

v.

Conway K. DONALDSON et al.,

        Defendants.

Civ. No. 11-6473

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter has come before the Court on Third-Party Defendants Brian Hart, James Fris, and Robert Platzer's Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) [docket # 20]. To date no opposition has been filed. The Court therefore deems this motion unopposed. The Court has decided the motion upon the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Third-Party Defendants' motion will be granted.

    **I.    BACKGROUND**

    This matter arises out of injuries sustained during a high school reunion. Plaintiff Zachary Resnicoff and Defendant/Third-Party Plaintiff Conway K. Donaldson engaged in a physical altercation in the parking lot of Treno's Restaurant, located in Collingswood, New Jersey. As a result of the altercation, Plaintiff alleges that he suffered facial lacerations when he was struck without provocation with a glass that Defendant/Third-Party Plaintiff Donaldson took from the restaurant into the parking lot. *See* (Compl. ¶ 7) [1]. Plaintiff further alleges that as a direct result of the altercation he was permanently injured. (*Id*. ¶ 8). Plaintiff brought suit against Defendant/Third-Party Plaintiff Donaldson, his alleged co-conspirator Defendant Harry

Joseph McCollough, as well as defendants John Doe and XYZ Corp. (fictitious names), which allegedly were co-conspirators in the assault on the Plaintiff and other acts of negligence. *See* (*id.* at 1–5).

In response, Defendant/Third-Party Plaintiff Donaldson counterclaims for battery, conspiracy, and negligence alleging that he sustained permanent injuries in his ill-fated attempt to break up the fight between Plaintiff Resnicoff and Defendant McCollough. *See* (Donaldson Countercl. ¶¶ 1–21) [12] . Defendant/Third-Party Plaintiff Donaldson has additionally asserted claims against the restaurant Third-Party Defendant, P.J.W. Restaurant Group t/a Treno, its corporate owner Haddon Enterprises, Inc., as well as three executives of these entities: Hart, the Manager of the Treno Restaurant; Fris, the Chief Operating Officer of P.J.W. Restaurant Group t/a Treno; and Platzer, the President of P.J.W. Restaurant Group t/a Treno. *See* (Donaldson Third Party Compl. ¶¶ 1–29) [12]. The individual Third-Party Defendants have now moved to dismiss the claims asserted against them.

## II.  DISCUSSION

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).

When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

Third-Party Defendants argue, *inter alia*, that the claims against them should be dismissed as the allegations in the Third-Party Complaint do not rise above the "speculative level" as required to survive a Rule 12(b)(6) dismissal motion. (Third-Party Defs.' Br. at 3). The Court agrees. Although Defendant/Third-Party Plaintiff Donaldson states that "[a]s a result of the conduct of [Hart, Fris, and Platzer] . . . including but not limited to the failure to provide adequate security and a safe environment, [he] sustained multiple and serious permanent injuries," at no point in the Third-Party Complaint does Defendant/Third-Party Plaintiff Donaldson allege any facts suggesting that Third-Party Defendants could be liable for the claims

alleged.  Defendant/Third-Party Plaintiff Donaldson has not pled sufficient facts to suggest that the Third-Party Defendants maintained the premises so as to allow the restaurant and its parking lot to become and or remain in an unsafe and/or dangerous condition.  Moreover, the Third-Party Complaint merely recites the elements of several types of negligence actions without demonstrating how the specific conduct of the Third-Party Defendants rises to the level of these allegations.  *See Twombly* 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").  Nor has the Third-Party Complaint plead sufficient facts that would suggest that Third-Party Defendants could be held liable under the Dram Shop Act, N.J.S.A. 2A:22A–1, et seq.  The operative subsection of the Dram Shop Act, states:

> a. A person who sustains personal injury or property damage as a result of the negligent service of alcoholic beverages by a licensed alcoholic beverage server may recover damages from a licensed alcoholic beverage server only if:
>
> (1) The server is deemed negligent pursuant to subsection b. of this section; and
>
> (2) The injury or damage was proximately caused by the negligent service of alcoholic beverages; and
>
> (3) The injury or damage was a foreseeable consequence of the negligent service of alcoholic beverages.
>
> b. A licensed alcoholic beverage server shall be deemed to have been negligent only when the server served a visibly intoxicated person, or served a minor, under circumstances where the server knew, or reasonably should have known, that the person served was a minor.

N.J.S.A. 2A:22A–5. Defendant/Third-Party Plaintiff has not set forth facts suggesting that the Third-Party Defendants individually and specifically acted in a way that meets any of these criteria.  Consequently, the Motion will be granted and the claims against the individual Third-Party Defendants will be dismissed.

### III.    CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 17th day of September, 2012,

ORDERED that Third-Party Defendants Brian Hart, James Fris, and Robert Platzer's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) [docket # 20] is GRANTED; and it is further

ORDERED that the third-party claims against Third-Party Defendants Brian Hart, James Fris, and Robert Platzer are hereby DISMISSED.


/s/ Anne E. Thompson            _
ANNE E. THOMPSON, U.S.D.J.

5